Louisa D. ROGERS, L. E. Rogers, Jr., Lacta M. Rogers Mabe, and Vici Lou Rogers Dumont, sole heirs at law of L. E. Rogers, deceased, Plaintiffs,

v.

Randall L. JEWELL, Ola Gaye Jewell, A. B. Jewell, and Lilly B. Jewell, Defendants.

Civ. A. No. 76–0232–BL.

United States District Court, S. D. West Virginia.

Aug. 20, 1981.

---

**6.** Curiously, the opinion did not discuss or even cite *Rudloff.*

244

Sterl F. Shinaberry, Charleston, W. Va., for plaintiffs.

J. Strother Crockett, I. Mann Litz, Welch, W. Va., for defendants.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KIDD, District Judge.

In this diversity action plaintiffs claim to be the owners of an undivided two-thirds interest in the coal underlying a 188 acre tract of land situate in McDowell County, West Virginia. Plaintiffs further claim that defendants have wrongfully entered upon the land and extracted coal and seek, inter alia, an accounting of rents, profits and royalties, money damages and injunctive relief. Defendants essentially deny the plaintiffs' claims and ask the Court to declare defendant A. B. Jewell to be the owner of the undivided two-thirds interest in the coal. The case is before the Court on the defendants' motion for summary judgment.

## BACKGROUND

There is no genuine issue as to any material fact in this case. Nonetheless, a brief

summary of the facts is helpful in understanding the disputed ownership of the coal underlying the 188 acre tract. By general warranty deed dated January 2, 1958,[1] Hubert T. Parker and wife conveyed to the defendant Artemus B. Jewell an undivided two-thirds interest in the coal underlying a 188 acre tract situate on the Middle Fork of Bradshaw Creek, Sandy River District, McDowell County, West Virginia.[2] From 1959 through 1977 this interest was assessed in the McDowell County Land Books in the name of Artemus B. Jewell. The records further reflect that no delinquencies have been reported and all taxes have been paid under this assessment.[3]

In 1958, the year of the purported transfer to Artemus B. Jewell, the tract was assessed under the heading of "W. H. and Hubert T. Parker." The 1958 taxes in the name of W. H. and Hubert T. Parker were not paid and the tract was sold to the State of West Virginia in 1959 by the Sheriff of McDowell County for the 1958 tax delinquency.[4] Thereafter the Deputy Commissioner of Forfeited and Delinquent Lands, in compliance with the pertinent statutory provisions, sold the tract to L. E. Rogers for the sum of $50.00.[5] The sale was confirmed by the Circuit Court of McDowell County by order dated May 14, 1962;[6] however, no deed was executed or delivered by the deputy commissioner to L. E. Rogers subsequent to the sale.[7] Mr. Rogers died in 1968, survived by the plaintiffs in the present action. The plaintiffs obtained a deed to the tract from the deputy commissioner on November 3, 1973.[8] The property was first taxed in the names of the plaintiffs in 1975.[9]

Therefore, as of 1977, the land records of McDowell County show two separate assessments for this tract—one in the name of the plaintiffs and one in the name of Artemus B. Jewell.

## DISCUSSION

At issue in this case is the title to the undivided two-thirds interest in the coal underlying the 188 acre tract and the mineral rights appurtenant thereto. Plaintiffs argue that they have acquired title to the coal by virtue of the tax sale and W.Va. Code § 11A–4–33. Defendants argue that defendant Artemus B. Jewell acquired title to the coal pursuant to W.Va.Code § 11A–4–39b and Article XIII, § 3 of the Constitution of West Virginia. In order to more fully understand each argument, as well as the Court's ultimate ruling that title to the property is vested in the defendant Artemus B. Jewell, a brief review of certain statutory provisions is necessary.

■ The 1958 taxes due on the coal were never paid. In 1959, pursuant to provisions set forth in Article 3 of Chapter 11A of the West Virginia Code, the Sheriff of McDowell County sold the coal to the State of West Virginia due to the delinquency. The title taken by the State at that time remained subject to a right of redemption. W.Va.Code § 11A–3–7. No effort to redeem was made by anyone within 18 months after the Sheriff's sale and thus the

1. This deed was recorded in McDowell County Deed Book No. 235 at page 373 and is filed herein as "Exhibit A" to the Answer.

2. The remaining one-third undivided interest in the coal as well as all other ownership interests are not at issue in the case.

3. Affidavit of Donald B. Bower, Deputy Assessor of McDowell County, dated December 29, 1977 (hereinafter "Bower's Affidavit").

4. Bower's Affidavit; deposition of Grover C. Goode, Deputy Commissioner of Forfeited and Delinquent Lands, pp. 5–6, taken on February 13, 1978 (hereinafter "Goode Deposition"). According to Mr. Bower's affidavit, an entry in the assessor's books was made from 1959 through 1974 in the name of W. H. and Hubert Parker with a notation that the tract was sold to the state in 1959 for the delinquent 1958 taxes. No taxes were extended for these years under the Parker assessment.

5. Goode Deposition, pp. 5–9 and Exhibit 6.

6. A copy of that order is appended as Exhibit 3 to the Goode Deposition.

7. Goode Deposition, pp. 12–18.

8. Goode Deposition, pp. 12–13 and Exhibit 6.

9. Bower's Affidavit.

property became irredeemable. W.Va.Code § 11A–3–8. After the property was purchased by the State and became irredeemable, title to the property was absolutely vested in the State and the property became subject to sale by the State. W.Va. Code § 11A–4–3; *Pearson v. Dodd,* 221 S.E.2d 171 (W.Va.1975).

The parties concede that the subsequent sale conducted by the Deputy Commissioner of Forfeited and Delinquent Lands was without procedural irregularity. *See* W.Va. Code § 11A–4–9 *et seq.* After the deputy commissioner instituted the suit for the sale of this property pursuant to W.Va.Code § 11A–4–10, no person entitled to redeem petitioned the court requesting such relief prior to the confirmation of the sale by the court.[10] *See* W.Va.Code § 11A–4–18. By order dated May 19, 1962, the Circuit Court of McDowell County confirmed the sale to Rogers. That Court further ordered that "... the said Deputy Commissioner is directed to execute and deliver to him, or to his heirs or assigns, a deed for said lots or parcels, as provided in Code, 11A–4–32." [11]

■ W.Va.Code § 11A–4–32 places upon the deputy commissioner the mandatory duty to "make and deliver" a deed when so ordered by the court when it confirms the sale.[12] The language adopted by the Legislature is clear and unambiguous. This conclusion is buttressed by language of W.Va. Code § 11A–4–31 which reads in part:

"After the court has acted, the clerk shall promptly mark on his certified list whether the sale was confirmed or disaffirmed, giving the date of the order, and if the sale was confirmed, the date of the deed to the purchaser."

This statute is also clear and unambiguous and indicates to the Court that the Legislature contemplated a deed being prepared after the sale was confirmed and, while a time period is not specified for compliance, further indicates that preparation of the deed shall follow soon after the confirmation of the sale by the court.

■ In West Virginia, title to real estate can be transferred only by deed, will or intestate succession. *See* W.Va.Code § 36–1–1. And while the previous discussion indicates that the pertinent statutory provisions clearly contemplate that the deputy commissioner shall prepare a deed within a reasonable period of time after the sale is confirmed, such was not done in this case. The deed to the heirs of L. E. Rogers was not prepared and executed until November 3, 1973, some 11½ years after the property was sold to L. E. Rogers and that sale was confirmed. Contrary to plaintiffs' argument, legal title to the property at issue could not possibly have vested in plaintiffs prior to November 3, 1973.[13] Since more than 10 consecutive years elapsed from the time absolute title vested in the State of West Virginia and since taxes were paid during that 10 year period by defendant Artemus B. Jewell, the Court must now consider the meaning and effect of W.Va. Code § 11A–4–39b.

---

**10.** Defendant A. B. Jewell, as an assignee of Parkers, would have been entitled to so petition. *See* W.Va.Code § 11A–3–8.

**11.** Goode Deposition, Exhibit No. 3.

**12.** The statute reads, in part:
"Whenever ordered to do so as provided in the preceding section [§ 11A–4–31], the deputy commissioner shall make and deliver to the person entitled thereto a deed ..."
The statute further sets forth the form of the deed and requires the deputy commissioner to have the deed recorded by the clerk of the county court, now the county commission, prior to delivering the deed to the grantee.

**13.** Plaintiffs' argument that "their interest to the coal vested in them upon confirmation of the sale in 1962" is without merit. Plaintiffs'

reliance upon W.Va.Code § 11A–4–33 is misplaced but that section does reinforce the conclusion that until the deed is executed and delivered plaintiffs do not acquire legal title:
"Whenever, under the provisions of this article, a purchaser, his heirs or assigns, *shall have obtained a deed* for any real estate from the deputy commissioner, he or they shall thereby acquire all such right, title and interest in and to the real estate *as was, at the time of the execution and delivery of the deed, vested in or held by the State,* or by any person who was entitled to redeem ... *The deed* shall be conclusive evidence of the acquisition of such title. The title so acquired shall relate back to the date of the sale."
(Emphasis added).

Defendants argue that because title remained in the State and because defendant Artemus B. Jewell paid taxes on the coal for ten consecutive years, title has vested in defendant Jewell by operation of W.Va. Code § 11A–4–39b. That section provides:

"In view of the desirability of stable land titles and to encourage landowners to cause their lands to be assessed and pay the taxes thereon, it is the purpose and intent of the legislature to release all the State's title and claim to any real estate on which all taxes have been paid for ten consecutive years, and release all taxes prior to such ten-year period. If, heretofore or hereafter, all taxes due on any parcel of land for ten consecutive years have been fully paid, all title to any such land acquired by the State prior to said ten-year period shall be and is hereby released to the person who would be the owner thereof but for the title of the State so released, and all unpaid taxes prior to said ten-year period are declared to be fully paid.

"Nothing contained in this section shall affect or be held or construed to affect in any way the right or title of a person claiming title to any land by transfer as provided in section 3, article XIII of the Constitution of the State of West Virginia.

"It is the intention of the legislature that this section shall be both retroactive and prospective."

The Supreme Court of Appeals of West Virginia has never interpreted this statutory provision. However, the plain meaning of the provision is easily ascertained. Defendant Artemus B. Jewell paid taxes on the coal from 1959 through at least 1977. The deputy commissioner's deed to the heirs of Rogers was not executed within a period of ten years beginning from the date that title first absolutely vested in the State. Jewell paid the taxes during that ten year period and, by operation of W.Va.Code § 11A–4–39b, the title of the State has been released to Jewell.

■■■ Plaintiffs argue that defendants should not be permitted to prevail on the basis of W.Va.Code § 11A–4–39b because defendants: (1) failed to pay the 1958 taxes; (2) failed to redeem the interest the State acquired during the statutory time period; and (3) failed to petition the circuit court for redemption prior to confirmation of the deputy commissioner's sale. As to the first argument, the statute clearly contemplates that not all taxes may be paid prior to the running of the ten-year period and states that once the ten-year period has run, any earlier unpaid taxes are "declared to be fully paid." W.Va.Code § 11A–4–39b. As to the second and third arguments of plaintiffs, the Court has read the statutory provision carefully and is of the opinion that neither failure to redeem nor failure to petition is a bar to the operation of the statute; the policy of the statute would be frustrated were either of those "failures" deemed to be a bar.

■■■ The overriding policies of the West Virginia statutory scheme involving the treatment and disposition of forfeited and delinquent lands is clear. The Legislature has acted so as to encourage land owners to have their lands assessed and taxes paid. The Legislature further has recognized the desirability of having secure and stable land titles within the State. *See* W.Va.Code § 11A–4–39b, § 11A–3–1. The Court's interpretation of W.Va.Code § 11A–4–39b in the instant case does no more than implement those policies and fulfill the intentions of the Legislature. To do otherwise would permit a purchaser of property at a deputy commissioner's sale, by his failure to obtain a deed, to have that property carried on the land books for an infinite number of years as sold to the State with no taxes extended for that period. While title remains in the State no taxes may be extended and, once a deed reflecting the sale is executed, the property cannot be back-taxed for that time period during which the State had title. *See* W.Va.Code § 11A–3–9; *State v. Callicutt*, 135 W.Va. 72, 62 S.E.2d 568 (1950). And yet, plaintiffs would argue, that purchaser would still be the "owner" of the property. Such a result would be repugnant to the clearly stated legislative policies; neither would stability of land titles

be promoted nor would needed tax revenues be collectable.

Having determined that W.Va.Code § 11A–4–39b is controlling upon the issue presented in this matter, the Court perceives no reason to address the arguments of the parties based upon Article XIII, Section 3 of the Constitution of West Virginia.

Accordingly, the Court hereby ORDERS that this suit be dismissed as to defendants Randall L. Jewell, Ola Gaye Jewell and Lilly B. Jewell, none of whom have any interest in the property at issue; that the deed of plaintiffs dated November 3, 1973 from Grover C. Goode, Deputy Commissioner, be cancelled, set aside and held for naught in so far as that deed purports to convey any interest in the coal and mineral rights appurtenant thereto underlying the subject tract of 188 acres; that defendant Artemus B. Jewell is hereby declared the owner of an undivided two-thirds interest in the coal and mineral rights appurtenant thereto underlying the subject tract of 188 acres free and clear of any claims of the plaintiffs; that defendants recover of plaintiffs their costs expended in this action; and, there being nothing further, that this case be dismissed from the docket.

Judgment shall be entered accordingly.